IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PABLO ESTRADA-ZEA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-05-3974 |
| | § | Criminal Action No. H-01-670 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

ORDER

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Pablo Estrada-Zea (Criminal Document No. 23, Civil Document No. 1) and the United States' Motion to Dismiss 2255 Motion as Time Barred (Criminal Document No. 26). Having considered the motions, submissions, and applicable law, the Court determines Pablo Estrada-Zea's motion should be denied and the Government's motion to dismiss should be granted.

BACKGROUND

On December 6, 1991, Petitioner Pablo Estrada-Zea ("Estrada-Zea") was convicted of burglary of a habitation in the 251st Judicial District Court of Potter County, Texas. On November 14, 1995, Estrada-Zea was deported to Mexico. On October 20, 1999, Estrada-Zea was found present in the United States by an

Immigration Enforcement Agent. On August 31, 2001, Estrada-Zea was indicted by a grand jury for illegal re-entry after deportation subsequent to a conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On October 9, 2001, Estrada-Zea entered an unconditional plea of guilty with no plea agreement. On January 7, 2002, the Court sentenced Estrada-Zea to 96 months confinement, to be followed by three years of supervised release. Estrada-Zea appealed the sentence and the United States Court of Appeals for the Fifth Circuit affirmed the judgment of this Court. On March 2, 2003, the United States Supreme Court denied Estrada-Zea's petition for writ of certiorari. On November 18, 2005, Estrada-Zea filed the instant motion attacking his sentence under 28 U.S.C. § 2255.

In his § 2255 motion, Estrada-Zea essentially argues he was convicted under the wrong provisions of 8 U.S.C. § 1326. Title 8 U.S.C. § 1326(b)(2) provides that an alien previously removed from the United States subsequent to a conviction for an aggravated felony who enters, attempts to enter, or is found in the United States may be fined and imprisoned up to twenty years. Similarly, 8 U.S.C. § 1326(b)(1) provides that an alien previously removed from the United States subsequent to a conviction for "commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated)" who enters, attempts to enter, or is found in the United States may be fined and imprisoned for up to ten years.

Estrada-Zea claims that his sentence under § 1326(b)(2) is unconstitutional, arguing that because he was never explicitly charged with an "aggravated" felony, the Court should have sentenced him under § 1326(b)(1).

## STANDARD OF REVIEW

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct a sentence: (1) the sentence violated the Constitution, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence exceeded the maximum allowed by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2000); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A § 2255 motion to vacate, set aside or correct a sentence "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Review of convictions under a § 2255 motion are ordinarily limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *Id.*

## LAW & ANALYSIS

**Statute of Limitations**

The Government argues that Estrada-Zea's instant motion is timed barred. Section 2255's one year statute of limitations begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A conviction becomes final when the petition for writ of certiorari is denied by the Supreme Court. *Giesberg v. Cockrell*, 288 F.3d 268, 271(5th Cir. 2002). If a petition for writ of certiorari is not filed, then the conviction becomes final, and the one-year limitations period for filing motions to vacate begins to run, upon expiration of time for seeking certiorari, regardless of whether a petition has actually been filed. *United States v. Gamble*, 208 F.3d. 536, 537 (5th Cir. 2000). In this particular case, the Supreme Court denied Estrada-Zea's petition for writ of certiorari on March 3, 2003. Accordingly, the one year time period for Estrada-Zea to file a § 2255

motion began to run on March 3, 2003. Estrada-Zea must have filed his motion by March 3, 2004 to avoid the motion being barred by the one year statute of limitations. Instead, Estrada-Zea filed his § 2255 motion on November 18, 2005 after this one year limitations period. However, Estrada-Zea argues the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), serves as a newly recognized constitutional right. If *Booker* applied retroactively to cases on collateral review, Estrada-Zea's motion could be considered timely filed because it was filed within one year of the *Booker* decision. However, despite Estrada-Zea's contentions, in *United States v. Gentry*, 432 F.3d 600 (5th Cir. 2005), the Fifth Circuit found that *Booker* is not retroactively applicable to cases on collateral review with regard to an initial § 2255 motion. Therefore, Estrada-Zea's motion is time barred. The Court will nevertheless address Estrada-Zea's substantive arguments.

**Constitutionality**

Estrada-Zea asserts that his Texas conviction for burglary of a habitation in 1991 is not an "aggravated" felony under § 1326(b)(2) because neither a judgment nor a jury explicitly stated that his conviction was an aggravated offense. Section 1326(b)(2) provides criminal penalties for previously removed aliens who enter, attempt to enter, or are found in the United States when the alien was previously removed following a conviction for commission of an aggravated felony. Section 1326(b)(1) provides

criminal penalties for previously removed aliens who enter, attempt to enter, or are found in the United States when the alien was removed "subsequent to a conviction for . . . a felony (other than aggravated felony) . . . ." Estrada-Zea argues that because he was never explicitly charged with an aggravated felony, the Court improperly sentenced him under § 1326(b)(2) and avers he should have been sentenced under the provisions of § 1326(b)(1).

Estrada-Zea's arguments lack support and are, in fact, contradicted by the record and Fifth Circuit precedent. First, Estrada-Zea pleaded guilty to the indictment, which alleged a violation of § 1326(a) and (b)(2). The indictment made no mention of § 1326(b)(1). Estrada-Zea then filed an appeal regarding the constitutionality of his sentencing under § 1326(b)(2) to the Fifth Circuit which, in turn, affirmed the district court's judgment. Moreover, Estrada-Zea provides no support for his argument that a conviction must explicitly state it constitutes an "aggravated" felony for the offense to be construed as such. In fact, the Fifth Circuit has held that burglary of a habitation under the Texas Penal Code constitutes a crime of violence under 18 U.S.C. § 16. *United States v. Guadardo*, 40 F.3d 102, 103 (5th Cir. 1994); *United States v. Cruz*, 882F.2d 922, 923 (5th Cir. 1989). Section 1101(43)(f) defines the term "aggravated felony" for purposes of Title 8 of the United States Code. 8 U.S.C. § 1101(43)(f). According to § 1101(43)(f), "aggravated felony" means a crime of violence, as defined

by 18 U.S.C. § 16, for which the term of imprisonment is at least one year. In this case, Estrada-Zea was convicted in 1991 of burglary of a habitation under the Texas Penal Code and sentenced to eight years imprisonment. Because Estrada-Zea was removed from the United States following a conviction for an aggravated felony, he was therefore properly charged and sentenced under § 1326(b)(2).

## CONCLUSION

Estrada-Zea's motion is time barred pursuant to the one year statute of limitations in 28 U.S.C. § 2255. Additionally, the Fifth Circuit has classified burglary of a habitation as a crime of violence which fits within the statutory definition of an aggravated felony. Estrada-Zea's argument that the Court unconstitutionally sentenced him under 8 U.S.C. § 1326(b)(2) fails.

ORDERS that Pablo Estrada-Zea's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Criminal Document No. 23, Civil Document No. 1) is DENIED. The Court further

ORDERS that the United States' Motion to Dismiss 2255 Motion as Time Barred (Criminal Document No. 26) is GRANTED.

SIGNED at Houston, Texas, on this 27th day of March, 2006.

*David Hittner*

DAVID HITTNER

United States District Judge